## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT : HARTFORD DIVISION

| | |
|---|---|
| In re<br><br>JULIO GUZMAN,<br><br>                                    Debtor.<br>JULIO GUZMAN,<br><br>                                    Movant,<br><br>            -against-<br><br>HARTFORD MUNICIPAL E.F.C.U.,<br><br>                                    Respondent. | Chapter: 13<br>Case No.: 15-20780<br><br>January 6, 2016 |

## OBJECTION TO CLAIM #13-1 BY HARTFORD MUNICIPAL E.F.C.U.

Julio Guzman (the "Movant"), by and through counsel, Suzann L. Beckett, hereby objects to claim #13-1 filed on September 8, 2015 by Grady & Riley LLP on behalf of Hartford Municipal E.F.C.U. in the amount of $3,487.48 on the grounds indicated below:

### STATEMENT OF FACTS

1. The Debtor filed a petition for relief on May 3, 2015 under Chapter 13 of the Bankruptcy Code.

2. Hartford Municipal E.F.C.U. (the "Claimant") filed Claim #13-1 on September 8, 2015 (the "Claim") through its agent Grady & Riley LLP (the "Agent").

3. The Agent did not provide any supporting documentation for the claim.

## BURDEN OF PROOF IN CLAIMS ALLOWANCE PROCESS

4. A properly filed proof of claim is prima facie evidence of its validity, but a bankruptcy court is not bound to treat tendered proof as conclusive, and, when objections are made, must pass on them. *Gardner v. State of N.J.*, 329 U.S. 565 (1947), *rehearing* denied 330 U.S. 853. The party objecting to a proof of claim has the burden of producing sufficient evidence to rebut the claimant's prima facie case. *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (2d Cir. BAP), *aff'd*, 242 F.3d 367 (2d Cir.2000). "Where the debtor's defense to the claim ... is one with respect to which the debtor would have the burden of proof in a non-bankruptcy forum, the debtor must carry that same burden of proof in connection with an objection to claim" in bankruptcy. *Johnson v. Nat'l City Mortg. Co. (In re Johnson)*, 2009 Bankr.LEXIS 2956, at *14–15 (Bankr. E.D.Tex. 2009) (collecting cases). "The ultimate burden of persuasion to prove the loss claimed, however, remains with the claimant." *Primavera*, 130 F.Supp.2d 450, 540 (citing *St. Johnsbury Trucking Co.*, 206 B.R. 318, 323 (Bankr. S.D.N.Y. 1997).

## JURISDICTION

5. Bankruptcy Courts have jurisdiction over the claims allowance process. "Simply because the proceeding presents questions of state law does not necessarily mean that the proceeding is "non-core" or otherwise beyond the jurisdiction of the bankruptcy courts." *In re Poplar Run Five Ltd. Partnership*, 192 B.R. 848 (Bankr. E.D. Va. 1995). One example of a proceeding "arising in" a bankruptcy case is a matter involving the allowance or disallowance of claims. The Bankruptcy Code requires a creditor to file a proof of claim as the first step for receiving a distribution from the estate. *See* 11 U.S.C. §§ 501, 502(a). Although the Bankruptcy Code authorizes such filing, the issue of whether the claim is bona fide, and thus allowable, may ultimately turn on state law. *In re Poplar Run Five Ltd. Partnership*, 192 B.R. 848.

## ARGUMENT

6. A claim is a "right to payment ... or ... right to an equitable remedy." 11 U.S.C. § 101(5). Under the Bankruptcy Code, a claim is deemed allowed unless "a party in interest" objects. 11 U.S.C. § 502(a); *see also Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1 (2000). In accordance with 18 U.S.C § 502, a claim must be disallowed if a party in interest objects and the claim falls under any one of the nine statutory exceptions. A "claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C § 502(b)(1). If a creditor presents a claim that they could not prove in any other court, the claim should be disallowed.

### I. The objection was properly noticed and timely.

7. Creditors must have notice of the objection to their claim.[1] Here, the Debtor provided notice by electronically filing objections together with a notice of contested matter and also by mailing the objections to the Claimant. Furthermore, unlike a proof of claim, which must be filed before the bar date, objection to a proof of claim may be filed at any time. *In re Thompson*, 1992, 965 F.2d 1136 (1st Cir. 1992).[2] Therefore, the claims were timely.

---

[1] For due process purposes, a copy of the proposed plan provides sufficient notice to creditors. See United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010); In re Daniels, 466 B.R. 214 (S.D.N.Y. 2011).

[2] A claim objection need not be filed prior to Chapter 13 plan confirmation, but may be raised post-confirmation; neither the Bankruptcy Code nor the bankruptcy rules contain a bar date or deadline for filing objections to claims in a Chapter 13 case. In re Morton, 298 B.R. 301 (6th Cir. B.A.P. 2003).

II. **Proof of Claim # 13-1 does not substantially conform to the Official Form under FRBP 3001(a) and therefore does not enjoy the presumption of *prima facie* validity.**

8. The standard for *prima facie* validity in this district was set forth as follows:

> [I]n the case of a credit card or consumer account creditor, in order for the proof of claim to be given *prima facie* effect, the creditor must attach an account [summary] ... containing the debtor's name, account number, the prepetition account balance, interest rate, and a breakdown of the interest charges, finance charges and other fees [collectively, "Other Charges"] that make up the balance of the debt, or attach enough monthly statements so that this information can be easily determined.

*In re Porter*, 374 B.R. 471, 481 (Bankr. D. Conn. 2007) (quoting *In re Armstrong*, 320 BR 97 (Bankr. N.D. Tex. 2005)).

9. Proof of Claim #13-1 does not meet the standard in this district for *prima facie* validity. The claim does not have any supporting documentation. Therefore, the Proof of Claim does not enjoy *prima facie* validity and the Claimant must come forth with sufficient evidence to establish its claim. No burden has shifted to the Debtor.

## CONCLUSION

10. The objection presents purely legal issues that can be determined from the documents submitted. As a matter of law, the Claim does not enjoy *prima facie* validity and was not filed by an authorized agent. Therefore, it must be disallowed. *See, e.g. In re Porter, supra*, (claims that do not enjoy *prima facie* validity should be disallowed on procedural, i.e. default, grounds).

WHEREFORE, the Movant respectfully requests that Claim #13-1 be disallowed in its entirety pursuant to 11 USC Section 502 (b) (1).

MOVANT, JULIO GUZMAN

By:   /s/ Suzann L. Beckett
Suzann L. Beckett, LLC
543 Prospect Avenue
Hartford, CT   06105
(860) 236-1111
Federal Bar No. ct02186